IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WALTER R. SHARPE, :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:98-CV-2943-JOF
JO ANNE B. BARNHART, :
Commissioner of the :
Social Security Administration, :
:
    Defendant. :

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion for attorney's fees [19-1].

Plaintiff, Walter R. Sharpe, filed the instant action against the Commissioner of the Social Security Administration[1] pursuant to 42 U.S.C. § 405(g) seeking a review of the denial of his claim for Disability Benefits under the Social Security Act. In an order dated March 6, 2000, the court adopted the Report and Recommendation of the Magistrate Judge and remanded the case for further consideration under sentence four of 42 U.S.C. § 405(g). On October 26, 2000, the court awarded Plaintiff $3,532.21 in attorney's fees under the Equal

---

[1] Jo Anne B. Barnhart became the Commissioner of Social Security on November 9, 2001. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Jo Anne B. Barnhart is, therefore, substituted for Kenneth S. Apfel as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Access to Justice Act. After remand, the Administrative Law Judge issued a fully favorable decision to Plaintiff and awarded Plaintiff past due benefits in the amount of $70,055. The Social Security Administration issued a notice of award on September 2, 2006.

On September 12, 2006, Plaintiff filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). Plaintiff's counsel seeks $17,513.75 in attorney's fees based on his twenty-five percent contingency fee arrangement with Plaintiff. Plaintiff's counsel submitted an affidavit itemizing the services performed and hours expended (28.7 attorney hours and 20.7 hours in administrative matters handled by counsel and paralegals) in this matter. Plaintiff's counsel's affidavit states that Plaintiff and Plaintiff's counsel set up a twenty-five percent contingent fee arrangement. Plaintiff has not filed any objections to his counsel's fee application. The Commissioner has not filed any specific opposition to the amount of fees requested but indicated to the court that the court should determine whether Plaintiff's counsel's request is timely under Rule 54(d)(2)(B). *See Bergen v. Commissioner of Social Security*, 454 F.3d 1273 (11th Cir. 2006) (holding that Rule 54(d)(2)(B) applies to a § 406(b) attorney's fee claim).

"To determine whether the petition [is] timely requires deciding when the 14 day period for filing the petitions provided in the rules begins to run for a § 406(b) petition." *Bergen*, 454 F.3d at 1277. The *Bergen* court, however, did not address that issue because the Commissioner had not objected to the timeliness of the fee application. The court did suggest that in the future, the best practice would be at the time of entry of judgment for immediate

2

entry of benefits, the claimant should request and the Court include in the judgment a statement that attorney's fees "may be applied for within a specific time after the determination of Plaintiff's past due benefits by the Commission." *Id.* at 1278 n.2.

Obviously, the parties did not have the benefit of the court's suggestion in *Bergen* at the time Plaintiff's case was remanded to the Social Security Administration. That counsels a less strict application of Rule 54(d). Plaintiff's award letter was mailed on September 2, 2006. That letter informed Plaintiff that his past due benefits were $70,055. Under the circumstances presented here, the court finds that the fourteen-day time period should commence with the September 2, 2006 notice to Plaintiff's counsel. As such, Plaintiff's counsel's motion, filed on September 12, 2006, is timely under Rule 54(d). The court notes that it could apply a different analysis to remands and awards taking place after *Bergen*.

Pursuant to the Social Security Act, 42 U.S.C. § 406(b), the court "may determine and allow as part of its judgment a reasonable fee, not in excess of twenty-five (25) percent of the past due benefits to which the claimant is entitled . . . ." The Act further provides that the fee is to be paid out of, and not in addition to, the amount of due past due benefits. *Id.*

The court has reviewed Plaintiff's counsel's affidavit and finds that Plaintiff's counsel's hourly rate is reasonable, as are the hours expended on behalf of Plaintiff. Plaintiff's counsel's request also does not exceed twenty-five percent. *See Gisbrecht v. Barnhart*, 535 U.S. 789 (2002) (holding that § 406(b) does not displace contingent-fee

3

agreements within the statutory ceiling, but rather directs district courts to review fees under those agreements for reasonableness).

For the foregoing reasons, the court GRANTS Plaintiff's motion for attorney's fees [19-1] and approves Plaintiff's counsel's application for $17,513.75 in attorney's fees. Under *Gisbrecht*, however, Plaintiff's counsel must refund to Plaintiff the amount of fees he was awarded under the EAJA in the amount of $3,532.21. *See id.*, 535 U.S. at 796 (fee awards may be made both under EAJA and out of past-due benefits award, but claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED** this 8th day of November 2006.

        s/ J. Owen Forrester
        J. OWEN FORRESTER
  SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)